UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| NATHAN HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-357-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| AMERICAN OPTICAL CORP., et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the plaintiff's motion to remand for lack of subject matter jurisdiction. [Record No. 9] More specifically, the plaintiff claims that removal of this action was untimely and barred by United States District Judge Karen K. Caldwell's previous order remanding the case for lack of subject matter jurisdiction. The removing Defendant contends that removal was proper because the non-diverse defendants were fraudulently joined and because this removal presents a different argument than that before Judge Caldwell. Having reviewed the parties' briefs and being sufficiently advised, the Court finds that at least one of the non-diverse defendant was not fraudulently joined. Accordingly, the plaintiff's motion to remand will be granted.

## I. Background

The plaintiff in this action, Nathan Hubbard ("Hubbard"), is one of approximately 500 coal miners who filed suit in Leslie Circuit Court on August 15, 2003, alleging claims based on their development of coal workers' pneumoconiosis ("black lung") and/or silicosis. These

plaintiffs originally brought suit against four retailers and seven manufacturers, including American Optical Corp. ("American Optical"), alleging that the respiratory products the defendants provided failed to protect the plaintiffs from harmful coal dust.

On September 17, 2003, American Optical removed the case to the Eastern District of Kentucky, Case No. 6: 03-493, on the basis of diversity jurisdiction. In its petition for removal, American Optical contended that the plaintiffs had fraudulently joined the four non-diverse retailers. On May 26, 2004, Judge Caldwell remanded the action to Leslie Circuit Court, finding that the plaintiffs had asserted a colorable claim under the Kentucky Middleman Statute, K.R.S. § 411.340, against at least one of the non-diverse defendant-retailers, Mine Service Company ("Mine Service"), contending that it knew or should have known that the respirators were defective.

Thereafter, on May 10, 2006, Plaintiff Hubbard filed a motion with the Leslie Circuit Court requesting that his case be severed and transferred to Harlan Circuit Court. The motion was granted, and that plaintiff subsequently filed a motion in Harlan Circuit Court requesting that the case be set for trial due to his advanced lung disease. On July 24, 2006, plaintiff's counsel sent a letter to all relevant parties informing them that he only intended to pursue claims against American Optical, Mine Service, and two other retailers, Yeary's Truck and Mining Parts, Inc. ("Yeary's") and The People's Hardware and Supply Company, Inc. ("People's Hardware"). The state court granted the plaintiff's motion on July 28th, and the case was set for trial in May 2007.

Then, on August 14, 2006, American Optical removed the action to this Court, again alleging that the plaintiff does not have a colorable claim against the non-diverse retailers under Kentucky law. Specifically, American Optical contends that none of the retailers sold American Optical's respirators, and, therefore, the plaintiff's claims against those retailers are without merit. Subsequently, on September 11, 2006, the plaintiff filed the motion to remand which is currently before the Court.

In support of his motion for remand, the plaintiff contends that (1) this Court lacks subject matter jurisdiction, (2) removal of this action is untimely under both the 30-day and the one-year limitations on removal under §1446(b) and (3) it is barred by Judge Caldwell's prior remand of this action in Case No. 6: 03-493. In response, American Optical contends that removal is proper because (1) the non-diverse defendants were fraudulently joined, (2) removal was timely under § 1446(b), and (3) it is not barred by Judge Caldwell's earlier decision because it is asserting a new argument that was not controlled by the previous order.

## II. Discussion

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have been brought initially in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Additionally, statutory procedures for removal

are to be strictly construed. Any doubts concerning jurisdiction should be resolved in favor of remand. *Sygenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

**Fraudulent Joinder**

The burden of establishing jurisdiction is upon the defendant as the removing party. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 330 (6th Cir. 1989). In *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), the Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder, noting that:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Further, in reviewing jurisdiction generally, it should be noted that,

> [t]his court has a responsibility to accept jurisdiction in all proper cases. [However,] [i]t has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). Based on these authorities, this Court must remand the case to state court if there is any doubt regarding its ability to retain jurisdiction.

Here, American Optical argues that this Court has jurisdiction because the plaintiff fraudulently joined the three non-diverse defendant-retailers. Specifically, American Optical argues that the plaintiff cannot state a cause of action against any of the non-diverse defendant-retailers because Mine Service and Yeary's did not sell the American Optical product, and because People's Hardware has been out of business for approximately ten years (thus, any claim against it would be barred by KRS § 413.140 and/or the Kentucky Business Corporations Act). In support of its contention that Mine Service and Yeary's did not sell products manufactured by American Optical, American Optical has tendered an affidavit from the president of Mine Service, originally submitted in *Baker v. 3M*, Case No. 6: 03-470 [Record No. 1, Ex. C], and a motion for summary judgment originally submitted by Yeary's in *Adams v. 3M*, Case No. 6: 03-493 [Record No. 1, Ex. D].

Without reaching the issues presented with respect to People's Hardware and Mine Service, the undersigned must conclude that American Optical has not met its burden of establishing fraudulent joinder as to Defendant Yeary's. As noted previously, to succeed on an allegation of fraudulent joinder, "the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493; *see also Alexander v. Data Electronic Sys. Corp*., 13 F.3d 940, 949 (6th Cir. 1994) ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.") (*citing Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

American Optical has not presented such evidence in this case. In its notice of removal [Record No. 1], American Optical states that "[a]ccording to a motion for summary judgment filed by Yeary in *Allen Adams v. 3M*, Case No. 6: 03-CV-493, Yeary only sold respiratory protection products manufactured by 3M. Accordingly, Yeary did not sell products manufactured by American Optical." [Record No. 1, p. 6] However, this statement is not supported by the attached exhibit. In that exhibit [Record No. 1, Ex. D], Yeary's states that it sold 3M's masks, but at no point does it state that it *only* sold 3M's masks. Nor does it state that it did not sell any American Optical masks. Accordingly, American Optical has not met its burden of "presenting sufficient evidence" that the plaintiff could not have established a claim against Yeary's under state law.

As this Court noted in *Carr v. Minnesota Mining and Manufacturing Co.*, Case No. 6: 05-150, in which American Optical presented yet another fraudulent joinder argument in support of removal,

> [t]he crucial question is whether individual Plaintiffs have sufficient proof of causation against a Kentucky Defendant, such that a Kentucky court would conclude that the Kentucky Defendant was a proper party to the case. American Optical argues that the Plaintiffs must show that a Kentucky Defendant supplied masks to their employer at the time the Plaintiff was employed at that mine and must also show that no other masks were used. While this type of causation evidence might be necessary at trial, at these early stages of the proceedings, the Plaintiffs do not have to make such a strong showing. They must only show that they have a "colorable claim" that they *may* recover against a Kentucky Defendant.

*Carr v. Minnesota Mining and Manufacturing Co.*, Case No. 6: 05-150 [Record No. 13, p. 13].

In the present case, American Optical has not shown that the plaintiff cannot establish a cause of action against any of the Kentucky defendants. Instead, American Optical relies on a

motion for summary judgment filed by Yeary's in another case, in which Yeary's contends that it did not have knowledge that the 3M masks were defective. [*See* Record No. 1, p. 6] In that motion, Yeary's does not state that it only sold 3M masks, or that it did not sell American Optical products, as American Optical contends. And American Optical has presented no other evidence in support of its contention that Yeary's was fraudulently joined. Therefore, based on the evidence presented by American Optical, this Court cannot conclude that the plaintiff has not stated a colorable claim that they *may* recover against at least one of the Kentucky defendants. This conclusion is bolstered by the fact that all doubts are "resolved in favor of remand." *Coyne*, 183 F.3d at 493.

Because the Court finds that American Optical has not demonstrated that Yeary's was fraudulently joined to the present action, diversity jurisdiction does not exist in this case. Accordingly, the Court declines to reach the other issues raised by the parties in their briefs. This action must be remanded to state court for further proceedings.

**III. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that the plaintiff's motion to remand [Record No. 8] is **GRANTED**. This matter is **REMANDED** to Harlan Circuit Court for further proceedings.

This 26th day of January, 2007.




**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**